## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RODGER L. BURGESS,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0460** (BOR Appeal No. 2056232)
(Claim No. 2013015480)

**AMERICAN ELECTRIC POWER COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rodger L. Burgess, by Counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). American Electric Power Company, Inc., by Counsel James W. Heslep, filed a timely response.

The issue on appeal is permanent partial disability. On February 5, 2019, the claims administrator determined that Mr. Burgess was fully compensated by a prior 10% permanent partial disability award. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 4, 2021, Order. The Order was affirmed by the Board of Review on May 6, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Burgess was exposed to hazardous dust during his forty years of employment as a power plant employee. On March 26, 2013, he was granted a 10% permanent partial disability award due to occupational pneumoconiosis. Mr. Burgess retired in September of 2005.

Pulmonary function studies performed at East Ohio Regional Hospital on February 27, 2018, showed a prebronchodilator forced vital capacity ("FVC") of 93% of predicted and a postbronchodilator FVC that was 85% of predicted.[1] Prebronchodilator forced expiratory volume in one second ("FEV1") was 74% of predicted and postbronchodilator was 67% of predicted.[2] The FEV1/FVC ratio was 57% both pre and postbronchodilator.[3] DCLO[4] was 42% of predicted and DL/VA[5] was 81% of predicted. Blood gas studies showed a partial pressure of carbon dioxide ("PCO2")[6] of 43.2 and a partial pressure of oxygen ("PO2")[7] of 76.8. Based on the studies, Attila Lenkey, M.D., performed an occupational lung disease evaluation that day in which Mr. Burgess reported an occasional cough and wheezing. He stated that he smoked off and on for twenty years. Dr. Lenkey noted a significant history of exposure to dust, asbestos, coal dust, silica, solvents, clay, sand, and diesel. Based on the pulmonary function study, Dr. Lenkey opined that Mr. Burgess's impairment had progressed due to his occupationally caused chronic obstructive pulmonary disease. He found 40% impairment and noted that a claimant can suffer from significant

---

[1]FVC is the volume of air that can be forcefully exhaled from the lungs after a maximal inspiration. *See* West Virginia Code of State Rules § 85-20-52.9(d)(1).

[2]FEV1 is the volume of air that can be exhaled forcefully from the lungs in one second after a maximal inspiration. *See* West Virginia Code of State Rules § 85-20-52.9(d)(2).

[3]FEV1/FVC refers to the forced expiratory volume (timed) to forced expiratory volume, which is expressed as a percentage. *See* West Virginia Code of State Rules § 85-20-52.9(d)(4).

[4]DLCO is the carbon monoxide diffusion capacity of the lungs. *See* West Virginia Code of State Rules § 85-20-52.9(d)(14).

[5]DL/VA refers to the carbon monoxide diffusing capacity of the lungs per unit of alveolar volume. *See* West Virginia Code of State Rules § 85-20-52.9(d)(15).

[6]PCO2

[7]PO2

lung disease despite having a normal looking x-ray. A March 8, 2018, chest x-ray showed no evidence of occupational pneumoconiosis.

Pulmonary function studies performed at the Occupational Lung Center on December 11, 2018, indicate Mr. Burgess smoked a third of a pack of cigarettes a day for five years but quit smoking twenty years prior. Prebronchodilator FVC was 80% of predicted and postbronchodilator FVC was 85% of predicted. Prebronchodilator FEV1 was 78% of predicted and postbronchodilator was 77%. The FEV1/FVC ratio was 70 prebronchodilator and 65 postbronchodilator. Diffusion studies showed a DCLO of 73% of predicted and DL/VA was 89% of predicted. The carboxyhemoglobin was 1.5.

The Occupational Pneumoconiosis Board's December 11, 2018, findings indicate Mr. Burgess was previously granted a 10% permanent partial disability award. Mr. Burgess was seventy-two and had a forty year history of occupational dust exposure. Examination showed harsh breath sounds and wheezing in both lungs. X-rays showed insufficient evidence to establish a diagnosis of occupational pneumoconiosis. The Occupational Pneumoconiosis Board found that Mr. Burgess was fully compensated by his prior permanent partial disability award. On February 5, 2019, the claims administrator determined that Mr. Burgess was fully compensated by a prior 10% permanent partial disability award.

Jack Willis, M.D., testified in a July 17, 2019, initial hearing on behalf of the Occupational Pneumoconiosis Board that he reviewed three x-rays of Mr. Burgess's chest from 2013, 2016, and 2018. He saw no evidence of occupational pneumoconiosis but did see mild hyperinflation which suggests chronic obstructive pulmonary disease. Dr. Willis stated that mild hyperinflation is most often caused by cigarette smoking and is not associated with occupational pneumoconiosis. Jack Kinder, M.D., also of the Occupational Pneumoconiosis Board, testified that Mr. Burgess's pulmonary testing performed at East Ohio Regional Medical Center showed impairment above 10%; however, the studies were not accurate. Dr. Kinder stated that Mr. Burgess exhaled for over twenty seconds during the test, causing an artificially elevated FVC. Testing usually cuts off between sixteen and eighteen seconds. Dr. Kinder further testified that physical examination of Mr. Burgess showed harsh breath sounds, which is consistent with bronchospastic disease caused by smoking. He also noted that Mr. Burgess's chest x-rays were negative for occupational pneumoconiosis. Dr. Kinder opined that the pulmonary studies taken on December 11, 2018, were valid and showed no more than 10% permanent partial disability. Mallinath Kayi, M.D., also of the Occupational Pneumoconiosis Board, concurred that the December 11, 2018, pulmonary testing was valid and that Mr. Burgess was fully compensated by his prior 10% permanent partial disability award.

The Occupational Pneumoconiosis Board testified in a final hearing on November 4, 2020, that its opinion remained unchanged. Dr. Kinder again opined that the East Ohio Regional Medical Center pulmonary testing was unreliable because Mr. Burgess was allowed to exhale for twenty-two seconds, creating an artificially lowered ratio. Dr. Kinder also stated that Mr. Burgess's volumes showed an increase since his 2016 studies, which was unlikely due to his age. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, agreed with Dr. Kinder. He testified

that the East Ohio Regional Medical Center study was inaccurate and opined that Mr. Burgess was fully compensated by his prior 10% permanent partial disability award.

In a January 4, 2021, Order, the Office of Judges affirmed the claims administrator's decision finding that Mr. Burgess was fully compensated by his prior 10% permanent partial disability award. It noted that the Occupational Pneumoconiosis Board's findings are usually based on the spirometry studies that show the greatest flow. However, the Occupational Pneumoconiosis Board testified that the East Ohio Regional spirometry studies, which showed the highest flow, were invalid because Mr. Burgess was allowed to exhale for too long. This affected the ratio findings and resulted in an inaccurate assessment of Mr. Burgess's impairment. The Occupational Pneumoconiosis Board concluded that the pulmonary function studies performed at the Occupational Lung Center on December 11, 2018, were the most reliable of record and showed no impairment above 10%. The Office of Judges concluded that the claims administrator was correct to find that Mr. Burgess was fully compensated by his prior 10% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 6, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Mr. Burgess has failed to submit sufficient evidence to show that the Occupational Pneumoconiosis Board's opinion is clearly wrong.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn